IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| STATE OF MISSOURI, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 21-cv-05107-SRB |
| DONNIE D. SMITH, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is a Notice of Removal filed by *pro se* Defendant Donnie D. Smith ("Defendant"). (Doc. #1.) As explained below, the Court lacks jurisdiction over this case and it is therefore remanded to the Circuit Court of Lawrence County, Missouri.

### I. FACTUAL BACKGROUND

In his removal papers, Defendant states that he is a citizen of Arkansas. Defendant further states that he is a defendant in two criminal cases, which are currently pending in the Circuit Court of Lawrence County, Missouri. The state court cases are captioned *State of Missouri v. Donnie D. Smith*, Case No. 19LW-CR00352, and *State of Missouri v. Donnie D. Smith*, Case No. 19LW-CR01005. In Case No. 19LW-CR00352, Defendant is charged with a class B misdemeanor of simulating legal process in violation of Missouri Revised Statute § 575.130. (Doc. #1-4, p. 7.)[1] In Case No. 19LW-CR01005, Defendant is charged with a felony of forgery in violation of Missouri Revised Statute § 570.090. (Doc. #1-4, p. 4.) According to Defendant, these charges relate to "actions he is alleged to have committed in violation of Missouri law while acting as an Arkansas Notary in Arkansas." (Doc. #1-3, p. 2.)

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

On December 27, 2021, Defendant filed a Notice of Removal which seeks to remove *State of Missouri v. Donnie D. Smith*, Case No. 19LW-CR01005, to this Court. (Doc. #1.) The Notice of Removal states that it is brought pursuant to 28 U.S.C. § 1455. Defendant contends the state court proceedings violate various constitutional and statutory provisions under federal and Missouri state law. Among other things, Defendant alleges that "Lawrence County . . . is acting rogue against the prescribed Constitutional and Congressionally qualified manner in which to extradite some person from his home state of Arkansas into the State of Missouri." (Doc. #1-3, p. 3.) Defendant further states that he "can not expect nor has he received fairness from Missouri state officers and agents in this matter, can not expect to receive fairness on account of the diversity of citizenship, and thusly relies upon the federal court for fairness in the matter." (Doc. #1, p. 2.) Defendant also argues the state court case is invalid for lack of personal jurisdiction. As explained below, federal jurisdiction is lacking and the Court therefore remands the state court case back to the Circuit Court of Lawrence County, Missouri.

## II. LEGAL STANDARD

A federal district court has an independent obligation to confirm it has jurisdiction over a case. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014). A pending state criminal case may be removed to federal court under "very limited" circumstances. *Missouri v. Baker*, No.4:17-CV-2743 RLW, 2017 WL 8786498, at * 1-2 (E.D. Mo. Nov. 29, 2017). Defendant's Notice of Removal states that the removal is "per 28 U.S.C. § 1455." (Doc. #1, p. 1.) But that statute "does not, itself, provide a substantive basis for removal jurisdiction, but merely sets forth the procedural requirements for removing a criminal case from state court." *Baker*, 2017 WL 8786498, at * 1.

However, 28 U.S.C. § 1443 sets forth two substantive bases upon which such cases may be removed. In particular, § 1443 provides that:

> [a] criminal prosecution[], commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443(1)-(2).[2]

To be removeable under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality," and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975). Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock,* 384 U.S. 808, 824 (1966). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

### III. DISCUSSION

In this case, Defendant has failed to establish the propriety of removal under § 1443 or any other statute. First, with respect to § 1443(1), Defendant claims his constitutional and

---

[2] A pending state criminal case may be removed under other limited circumstances, but none of those circumstances appear to be applicable here. *See* 28 U.S.C § 1442 (providing for the removal of criminal cases brought in state court against officers of the United States).

3

statutory rights are being violated but does not allege that such violations are based on his race. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice to remove a case under § 1443(1)." *Baker*, 2017 WL 8786498, at * 2 (citations and quotation marks omitted). Even if Defendant had shown race-based violations, there is no indication that Defendant could not vindicate his federal rights in state court. For these reasons, the state court case is not removable under § 1443(1).

Second, § 1443(2) is inapplicable. The record does not show that Defendant "is a federal officer or agent. Nor is there any indication that [Defendant] was executing duties under federal law providing for equal civil rights." *Baker*, 2017 WL 8786498, at * 2. As a result, the state court case is not removable under § 1443(2). Notwithstanding § 1443, the Court further finds that removal is not warranted under any other statute or legal authority. A "summary remand" is therefore appropriate and a hearing is not necessary. 28 U.S.C. § 1455(b)(4).

### IV.  CONCLUSION

Accordingly, Defendant's Notice of Removal (Doc. #1) and accompanying exhibits do not establish jurisdiction in this Court. It is ORDERED that:

(1) this case is hereby REMANDED to the Circuit Court of Lawrence County, Missouri. The following state court case is hereby remanded: *State of Missouri v. Donnie D. Smith*, State Court Case No. 19LW-CR01005; and

(2) the Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Lawrence County, Missouri.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
Dated: December 30, 2021     UNITED STATES DISTRICT JUDGE